UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JASON FOLLOWELL,** § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | |
| § | 2:24-cv-00055 | |
| **CITY OF ARANSAS PASS** § | | |
| **MAYOR RAM GOMEZ** § | | |
| In his official capacity § | | |
| **CITY COUNCILWOMAN CARRI SCRUGGS** § | | |
| In her official capacity § | | |
| **CITY MANAGER GARY EDWARDS** § | | |
| In his official capacity § | | |
| **CHIEF ERIC BLANCHARD** § | | |
| In his official capacity § | Hon. | |
| **CHIEF NATHAN KELLEY** § | | |
| In his official capacity § | | |
| § | | |
| *Defendants* § | | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff Jason Followell (herein referred to as "Mr. Followell"), by and through counsel CJ Grisham, bring this Complaint against Defendants City of Aransas Pass, Texas; Gary Edwards (herein referred to as "Defendant Edwards"), Aransas Pass City Manager, in his official capacity; Ram Gomez (herein referred to as "Defendant Gomez"), Aransas Pass Mayor, in his official capacity; Carrie Scruggs (herein referred to as "Defendant Scruggs"), Aransas Pass City Councilwoman, in her official capacity; Nathan Kelley (herein referred to as "Defendant Kelley"), Aransas Pass Fire Chief and an Aransas Pass Police Officer, in his official capacity;

and Eric Blanchard (herein referred to as "Defendant Blanchard"), Aransas Pass Chief of Police, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. On January 16, 2024, Mr. Followell's attorney attended the Aransas Pass City Council meeting to address the history of constitutional violations specifically related to Mr. Followell's speech. While quoting case law on the issue of free speech, Defendant Gomez ordered Defendant Blanchard to remove Mr. Followell's attorney. Defendant Blanchard then told counsel to "stop talking and just sue me. If you think you're so right, just sue me." Mr. Followell now effectuates Defendant Blanchard's wishes.

2. This case is brought to enforce and protect fundamental constitutional rights of United States citizens, particularly in Aransas Pass, Texas.

3. This action is a civil rights action under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, challenging Defendants actions and conduct that restricts Plaintiff's right to freedom of speech in a public quorum.

4. Defendants, jointly and separately, acted in a manner that suppresses the free expression of speech by prohibiting profanity or speaking against the character of any city officials in a public city council meeting.

5. Profanity is protected speech under the Free Speech Clause of the First Amendment.

6. Plaintiff is an engaged and informed citizen who frequently attends city council meetings to expose perceived corruption and incompetence.

7. Plaintiff has a right to be free from illegal searches and seizures.

8. Plaintiff seeks a declaration that Defendants violated their clearly established constitutional right, as set forth in this Complaint; a declaration that Defendants'

restrictions on Plaintiff's speech violates the U.S. Constitution and 43 U.S.C. § 1983, as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' speech restriction, as set forth in this Complaint; damages for the past loss of Plaintiff's constitutional rights; and attorney's fees, expenses, and reasonable costs of litigation, pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

9. This action arises under the Constitution and laws of the United States of America.

10. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

11. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

12. Plaintiff's claims for damages are authorized by 18 U.S.C. § 242 and 42 U.S.C. § 1983.

13. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in San Patricio County, Texas.

## PLAINTIFF

14. Plaintiff, Mr. Followell, is a citizen of Aransas Pass, Texas.

15. Mr. Followell owns Texas Strong Fitness, a physical fitness center, in Aransas Pass, Texas.

16. Mr. Followell has a substantial interest in the public meetings held by City Council.

## DEFENDANTS

17. Defendants, collectively, are government officials and entities.

18. Defendants operate in their official capacity in Aransas Pass, Texas.

19. Defendant Mr. Edwards is the Aransas Pass City Manager.

20. Defendant Mr. Gomez is the Aransas Pass Mayor.

21. Defendant Mr. Blanchard is the Aransas Pass Chief of Police.

22. Defendants, as government officials and entities, are bound to the United States Constitution.

23. Defendants, as government officials and entities, are not permitted to establish rules in a quorum that violate the United States Constitution.

24. Every citizen has the constitutional right to use expressive speech.

## STATEMENT OF FACTS

### I.     Warrantless Search

25. On March 25, 2022, Aransas Pass Fire Department (APFD) entered Mr. Followell's business to conduct "inspections."

26. APFD targeted Mr. Followell with additional "inspections" on April 7, 2022; April 15, 2022, and April 18, 2022, the latter two were conducted by Defendant Gomez's brother, John Gomez.

27. On June 16, 2022, Defendant Blanchard instructed inspector Cody Elrod to "find something" with which to charge Mr. Followell.

28. The inspections revealed several "infractions" – which Mr. Followell disputed – that resulted in a "failure" of the inspections despite identical infractions at the Fire Chief's private business resulting a "pass."

29. On June 29, 2022, Defendants Blanchard and Kelley conducted a warrantless search of Mr. Followell's business after Defendant Blanchard threatened to force in and break Mr. Followell's door in if Mr. Followell did not allow Defendant Blanchard on the property voluntarily.

30. Mr. Followell allowed Defendant Blanchard to enter under duress and threat of destruction to his property if he did not.

31. During the "inspections," a single "infraction" was cited under different codes by different officials because the "inspectors" were incompetent about how to interpret the codes.[1]

32. During a recorded video of the illegal search, Defendant Blanchard told Mr. Followell that he was okay with the affidavit that was used to enter the business despite the affidavit providing zero probable cause to enter.

33. The affidavit noted two EXTERNAL violations that Defendant Blanchard stated during a recorded phone call justified going into his building without a warrant, both of which Defendant knew were not violations under either Aransas Pass City Code nor Texas laws.

34. The first "violation" was the presence of two wooden pallets leaning up against an external wall of Mr. Followell's business.

35. Defendants Blanchard and Kelley knew or should have known that the presence of two wooden pallets intentionally leaning against a building was not a violation of City Code or Texas law but endorsed the "violation" anyway.[2]

36. The second "violation" was the lack of a "Knox box" on the front of Mr. Followell's business.

---

[1] In one example of corrupt officials retaliating against an outspoken business owner and uncovered outlet cover (that no longer contained power) was cited under several codes. "Inspector" Jason Padron cited the outlet under 605.6. Then Nathan Borrego cited it under 604.1. John Gomez under 4.22 and then Chief Kelly quoted 703.

[2] On July 5, 2022, the Aransas Pass Municipal Court dismissed the violations against Mr. Followell because Defendants had cited incorrect code sections, as Mr. Followell had contended all along. On July 26, 2022, Defendant Blanchard filed new code violations against Mr. Followell in Aransas Pass Municipal Court that were based on the warrantless search. Those charges were dismissed when the Municipal Court granted Mr. Followell's Motion to Suppress based on 4th amendment violations on May 25, 2023. On June 14, 2023, the City of Aransas Pass appealed the dismissal to the San Patricio County Court. On January 2024, the San Patricio County Court again granted Mr. Followell's Motion to Suppress based on the same 4th amendment violations.

37. Defendants Blanchard and Kelley knew or should have known that the absence of a "Knox box" on Mr. Followell's building was not required because of the age of the building but endorsed the "violation" anyway.

38. Defendants Blanchard and Kelley did not cite any other business that shared the building in which Mr. Followell's business was located for absence of a "Knox box".

39. On July 28, 2022, Defendant Kelley sent out an email that his business, Hook N Ladder, was "exempt from having a "Knox Box."

40. Defendants Blanchard and Kelley knew or should have known that the presence or absence of alleged violations on the exterior of the building did not provide probable cause to search in the inside of the building.

41. In an email to Mr. Followell on August 5, 2022, Defendant Blanchard stated that he would not be raiding Defendant Gomez's business over his code violations because "[Defendant Gomez] and his staff voluntarily invite the fire official and FD staff in to inspect."

42. It is the policy of Defendants Blanchard and Kelley to raid businesses that do not surrender their rights to their badged overlords and masters.

## II.  Cease-and-Desist Letters

43. On August 23, 2022, Defendant Gomez ordered City Attorney Roxann Cotroneo to issue a cease-and-desist letter to Mr. Followell forbidding him from speaking publicly about Defendant Gomez's alleged nepotism, a violation of the Texas Citizens Participation Act.

44. On January 17, 2023, Mr. Followell spoke at the Aransas Pass City Council meeting about Defendant Scruggs's forged will.

45. Throughout the Month of June 2023, Mr. Followell attempted to get on the Aransas Pass City Council Meeting agenda to discuss the violations of his 4th Amendment-protected rights and the incompetence of Defendants Blanchard and Kelley.

46. Mr. Followell attended two Aransas Pass City Council meetings in the month of June to complain about the violations of his rights.

47. On January 23, 2023, in retaliation for Mr. Followell's criticism of Defendant Scruggs during city council meetings, Ms. Scruggs sent her attorney to harass Mr. Followell with a cease-and-desist letter demanding that he stop speaking about the issue.

48. On February 6, 2023, Defendant Scruggs spoke at the Aransas Pass City Council meeting on behalf of the entire council about Mr. Followell in citizen's comments, calling him a "liar, Satan, devil," and "a fallen angel," all directed towards Mr. Followell's freedom of religion.[3]

49. Mr. Followell was denied an opportunity to respond to Defendant Scruggs' defamatory statements.

50. On February 8, 2023, in retaliation for Mr. Followell's criticism of Defendant Scruggs during the Aransas Pass City Council meeting, Defendant Scruggs sent her attorney to harass Mr. Followell with another cease-and-desist letter demanding that he stop speaking out against the elected official.

51. Using the legal system to silence citizens violates the Texas Citizens Participation Act.

52. The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in

---

[3] It should be noted that Mr. Followell is not a satanist.

government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.[4]

### III.   July 5, 2022, Aransas Pass City Council Meeting

53. Mr. Followell attended the Aransas Pass City Council Meeting on July 5, 2022.

54. For the first time, Defendants Gomez and Edwards included a notice on the public comments sign-in form that members of the public shall not engage in, *inter alia*, "personal affronts" or "profanity."[5]

### IV.   September 6, 2022, Aransas Pass City Council Meeting and Unconstitutional Criminal Trespass

55. Mr. Followell attended the Aransas Pass City Council Meeting on September 6, 2022.

56. When Mr. Followell arrived to speak about the continual abuse of power by Defendants, Defendant Blanchard served Mr. Followell with a criminal trespass warning that prohibited him from entering or remaining on any city-owned property.

57. The criminal trespass warning was a direct violation of Mr. Followell's right under the First Amendment to seek redress and comment on matters of public interest during public meetings.

58. On September 19, 2022, Defendant Edwards sent out emails to all Aransas Pass City Council members that Mr. Followell "continued to threaten council with gun violence."

59. Mr. Followell demanded that Defendant Edwards produce said "threats," but was denied any evidence, information, documents, or information to support Defendant Edwards' defamatory statements.

---

[4] Tex. Civ. Prac. & Rem. Code, Section 27.002.
[5] This is the first sign that Defendants were going to make it the policy of the city to violate the First Amendment-protected rights of citizens.

60. On November 8, 2022, Defendant Edwards was quoted in the local newspaper that Mr. Followell "expressed his hatred for everyone on the City Council and some city staff and his desire to kill them." Followell also allegedly solicited two individuals to secretly smuggle a firearm into a city council meeting."

61. The November 8, 2022, statements were false; Defendant Edwards knew those statements were false; and Defendant Edwards allowed those statement to be published to a third party.

62. Mr. Followell was forced to hire an attorney to get the criminal trespass removed as unconstitutional.

63. After three months of being unable to attend Aransas Pass City Council meetings, the trespass was finally lifted against Mr. Followell.

64. When Mr. Followell attempted to use the Texas Open Records Act to obtain information related to the criminal trespass, including any allegations leading to it, the City of Aransas Pass withheld the documents unless he paid $1,000 to obtain the documents.

65. When Mr. Followell went to pay the outrageous extortion expense for public records, he was denied access to them.

## V.   December 4, 2023, Aransas Pass City Council Meeting

66. On December 4, 2023, Mr. Followell attended the Aransas Pass City Council meeting to discuss several issues of public concern regarding unlawful expenditures by Defendant Blanchard.

67. Mr. Followell was allotted 3 minutes to voice his concerns.

68. During Mr. Followell's public comments, he referred to Defendant Kelley as a "fucking moron" for the things he says about Mr. Followell on social media.

69. Defendant Gomez immediately cut off Mr. Followell and told him "we're not going to discuss that" and "if you continue cussing, you'll be escorted out."

70. Mr. Followell retorted that he has a right to express his opinions of public officials.

71. Defendant Gomez ordered Aransas Pass police officers to escort Mr. Followell out of the meeting because "I'm not gonna put up with your foul mouth."

72. As Mr. Followell was being escorted out of City Hall under threat of arrest, Defendant Gomez exclaimed that "I'm not going to put up with any of that. Ain't nobody need [sic] to be cussing anybody out. That's ridiculous behavior."

### VI.   January 16, 2024, Aransas Pass City Council Meeting

73. Mr. Followell attended an Aransas Pass City Council meeting on January 16, 2024.

74. Mr. Followell was allotted 3 minutes to voice his concerns.

75. Mr. Followell used profanity in his speech.

76. Mr. Followell's use of profanity was used to express his frustration, thus is classified as expressive speech and protected under the First Amendment to the United States Constitution.

77. The City of Aransas Pass is mandated to comply with the First and Fourteenth Amendment to the United States Constitution.

78. While Mr. Followell was using his expressive language, Mr. Gomez interrupted him several times.

79. Mr. Followell presented his findings of questionable expenditures by various government officials and entities, funded by the taxpayers, during public comments.

80. Mr. Gomez stated, "I am not going to put up with no profanity or anything, you either act like an adult, speak right to everyone that is in here, and you have the privilege to speak your mind".

81. Mr. Gomez stated, "you can respect this place or get out", in response to Mr. Followell's use of expressive speech.

82. Mr. Gomez ordered Mr. Blanchard to escort Mr. Followell out of the complex due to his expressive speech.

83. Mr. Followell asked, "am I under duress of arrest"?

84. Mr. Blanchard stated Mr. Followell would go to jail if he did not comply.

85. Mr. Followell left the chambers under duress of arrest.

86. Mr. Followell's right to use expressive speech was effectively suppressed as a result.

87. Mr. Followell's attorney then addressed the Aransas Pass City Council to explain that Defendant Gomez had just violated Mr. Followell's First Amendment-protected rights.

88. As Mr. Followell's attorney read from case law that contained several profane words as protected speech, Defendant Gomez then ordered Defendant Blanchard to remove Mr. Followell's attorney.

89. Defendant Blanchard threatened to arrest Mr. Followell's attorney for disorderly conduct if he did not leave.

### VII.   RETALIATORY CRIMINAL CHARGES

90. On March 1, 2024, Mr. Followell filed this original complaint.

91. The Complaint was filed on Defendants on March 4, 2024, during the Aransas Pass City Council meeting.

92. On or about March 13, 2024, Defendant Blanchard filed a sworn statement alleging that Mr. Followell "hinder[ed] an official proceeding, namely, a City of Aransas Pass Council Meeting, by violent and tumultuous behavior or disturbance in that [Mr. Followell] was yelling aggressively while using foul, obscene, and vulgar language."

93. County Attorney Tamara L. Cochran-May then filed an official complaint against Mr. Followell alleging that Mr. Followell "hinder[ed] an official proceeding, namely, a City of Aransas Pass Council Meeting, by violent or tumultuous behavior or disturbance in that the defendant was yelling aggressively and physically pounding on the podium with his fist while using foul and vulgar language."

94. Defendant Blanchard knew or should have known that such accusations were blatantly false and would result in criminal charges.

## FIRST CLAIM FOR RELIEF
### (Freedom of Speech- First Amendment
### 18 U.S.C. 242 & 42 U.S.C. 1983)

95. Plaintiff hereby incorporates by reference all stated paragraphs.

96. Defendants Blanchard, Gomez, Scruggs, and Edwards have deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment, as applied to the states and their political subdivisions under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

97. Defendants Blanchard, Gomez, Scruggs, and Edwards restriction on Plaintiff's speech is content and viewpoint based, in violation of the First Amendment's Free Speech Clause.

98. Profanity is protected speech under the Free Speech Clause of the First Amendment.

99. Defendants' Blanchard, Gomez, Scruggs, and Edwards true purpose for their actions at issue was to silence the viewpoint of the Plaintiff that the government officials were

abusing their powers and spending questionable amounts of taxpayer dollars on frivolous items.

100. This true purpose for the Defendants' Blanchard, Gomez, Scruggs, and Edwards actions to silence disfavored viewpoints is a violation of the Free Speech Clause of the First Amendment.

101. Defendants Scruggs and Gomez violated the Texas Citizens Participation Act by using legal actions and threats of action to silence Plaintiff's criticism of Defendants and prevent him from seeking redress under the First Amendment of the United States

102. As a direct and proximate result of Defendants' Blanchard, Gomez, Scruggs, and Edwards violation of the Free Speech Clause of the First Amendment, Plaintiff has suffered irreparable harming, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief, as well as damages.

**SECOND CLAIM FOR RELIEF**
**(Unreasonable Search and Seizure – Fourth Amendment**
**18 U.S.C. 242 & 42 U.S.C. 1983)**

103. Plaintiff hereby incorporates by reference all stated paragraphs.

104. Defendants Blanchard and Kelley have unconstitutionally deprived the Plaintiff of his right to be free of unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution, 18 U.S.C. § 242, and 42 U.S.C. § 1983.

105. Defendants Blanchard and Kelley violated Plaintiff's rights by conducting a warrantless search of Plaintiff's property without probable cause.

106. As a direct and proximate result of Defendants' violation of the Fourth Amendment, 18 U.S.C. § 242, and 42 U.S.C. § 1983, Plaintiff has suffered irreparable

harming, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief, as well as punitive damages.

### THIRD CLAIM FOR RELIEF
### (Equal Protection- Fourteenth Amendment
### 18 U.S.C. 242 & 42 U.S.C. 1983)

107. Plaintiff hereby incorporates by reference all stated paragraphs.

108. Defendants have unconstitutionally deprived the Plaintiff of the equal protection of the law, which is guaranteed under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

109. Defendants prevented Plaintiff from expressing a message based on its content and viewpoints, thereby denying the use of a forum to those whose views are unacceptable to the Defendants.

110. As a direct and proximate result of Defendants' violation of the Fourteenth Amendment, 18 U.S.C. § 242, and 42 U.S.C. § 1983, Plaintiff has suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief, as well as damages.

### FOURTH CLAIM FOR RELIEF
### (Retaliation, 18 U.S.C. 242 & 42 U.S.C. 1983)

111. Plaintiff hereby incorporates by reference all stated paragraphs.

112. Plaintiff spoke at Aransas Pass City Council meetings to expose matters of public concern regarding Defendants' actions.

113. Plaintiff's right to express himself during citizen comments on matters of public concern while using colorful and sometimes profane language outweighs the government's interest in the efficient provision of public services because the three minutes allotted to citizens are theirs and their alone, and do not interfere with the

Aransas Pass City Council's ability to administer their duties nor interrupt or interfere with a public meeting.

114. In response to Plaintiff's protected speech, Defendants engaged in retaliatory actions by issuing trespass notices to Plaintiff, sending cease-and-desist letters to threaten Plaintiff into silence, ordering public officials to "find" code violations with which to charge Plaintiff, and use their bully pulpit in the media to defame Plaintiff.

115. As a direct and proximate cause of Defendants' retaliatory actions, Plaintiff suffered irreparable harm, including the loss of his Constitutional rights, entitling him to declaratory and injunctive relief, as well as damages.

### FIFTH CLAIM FOR RELIEF
### (Defamation)

116. Plaintiff hereby incorporates by reference all stated paragraphs.

117. Defendants Blanchard, Kelley, Scruggs, and Edwards used government email and social media resources to send defamatory statements about Plaintiff.

118. Plaintiff is a private individual.

119. Defendants Blanchard, Kelley, Scruggs, and Edwards are public officials with access to an immense bully pulpit and resources.

120. Defendants Blanchard, Kelley, Scruggs, and Edwards knew that such statements were false and negligently published them to a third party and constitute defamation per se and resulted in mental anguish and loss of reputation.

121. As a direct and proximate result of Defendants' statements, Plaintiff has suffered irreparable harm, entitling him to declaratory and injunctive relief as well as damages.

### SIXTH CLAIM FOR RELIEF
### (Malicious Prosecution 18 U.S.C. 242 & 42 U.S.C. 1983)

122. Plaintiff hereby incorporates by reference all stated paragraphs.

123. Defendant Blanchard conspired to commence a criminal prosecution against Mr. Followell.

124. Defendant initiated the procurement of that prosecution by filing a complaint with the County Attorney.

125. The charges against Mr. Followell were for protected speech and the complaint filled with false sworn statements.

126. Defendant Blanchard filed said charges with malice against Mr. Followell for having the audacity to criticize Defendant Blanchard and then filing a federal lawsuit against him for violations of Mr. Followell's rights.

127. As a direct and proximate cause of Defendant Blanchard's despicable conduct, Mr. Followell was damaged by having false charges against him, soiling his good name, and having to spend money to hire an attorney to defend against the malicious prosecution.

**SEVENTH CLAIM FOR RELIEF**
**(Municipal Liability 42 U.S.C. 1983)**

128. Defendants' actions, and the actions of the City of Aransas Pass, demonstrate a policy, practice, or custom to retaliate against Plaintiffs for engaging in their protected First Amendment activity. Defendants' actions and inactions constitute an impermissible policy, practice, or custom that deprive Plaintiff of his right to be free from retaliation for protected conduct.

129. At all relevant times, Plaintiff had a clearly established right to be free from unlawful policies, practices, and customs, as well as a right to petition for redress of grievances.

130. Defendant City was aware of Defendant Blanchard's, Edwards', and Kelley's retaliatory conduct and did nothing to prevent it. In fact, Defendant City encouraged and added to it. Defendant City showed a deliberate indifference for the constitutional rights of Plaintiff.

131. Defendant City had a copy of one or more examples of videos and other evidence of Defendant Blanchard's, Edwards', and Kelley's activities, but did nothing to stop their conduct. In fact, Defendant City encouraged and demanded it.

132. Defendant City showed a deliberate indifference and ratified Defendant Blanchard's, Edwards', and Kelley's conduct.

133. As a direct and proximate result of Defendant City's unlawful actions, Plaintiff was harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A) A Declaration that Defendants' conduct, policies, practices, and custom, written or unwritten, that allow for warrantless searches, criminal trespass warnings to be issued, and threats of arrest for protected speech, are in retaliation for exercising his Constitutional rights, violate the First, Fourth, and Fourteenth Amendments to the United States Constitution;

B) Injunctive relief barring Defendants' conduct and from maintaining their policies, practices, and custom of allowing and encouraging warrantless searches, criminal trespass warnings to be issued, and threats of arrest for protected speech, in retaliation for exercising Constitutional rights, which is in violation of 18 U.S.C. § 242 42 U.S.C. § 1983;

C) Nominal Damages for retaliation by Defendants for Plaintiffs' exercise of their First Amendment rights of free expression and petitioning for the redress of grievances, as the Court finds appropriate, from one or more Defendants;

D) Punitive damages from one or more Defendants in the amount of $5 million;

E) Pre-judgment and post-judgment interest from one or more Defendants;

F) Reasonable attorney's fees and costs of this action; and

G) Any such other relief as appears just and proper.

Respectfully submitted,

LAW OFFICES OF CJ GRISHAM, PLLC

CJ Grisham
Texas State Bar no. 24124533
cj@cjgrisham.com
3809 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76504
P: 254-405-1726