IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON FOLLOWELL, | § § § | |
| Plaintiff | § § | |
| VS. | § § | C.A. #: 2:24-CV-00055 |
| CITY OF ARANSAS PASS, MAYOR RAM GOMEZ, In his Official Capacity, CITY COUNCIL WOMAN CARRI SCRUGGS, In her Official Capacity, CITY MANAGER GARY EDWARDS, In his Official Capacity, CHIEF ERIC BLANCHARD, In his Official Capacity, CHIEF NATHAN KELLEY, In his Official Capacity | § § § § § § § § § § § § | JURY |
| Defendants. | § | |

**DEFENDANTS ERIC BLANCHARD AND NATHAN KELLEY'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID S. MORALES:

NOW COME Defendants, **POLICE CHIEF ERIC BLANCHARD,** a certified police officer for the State of Texas, serving as Police Chief for the City of Aransas Pass and **FIRE CHIEF NATHAN KELLEY,** a certified law enforcement officer for the State of Texas, both sued herein in their official capacities only, and file this their Original Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial that was emailed to counsel for the Defendants and for such answer would show the Court the following:

## RESPONSES TO INDIVIDUAL PARAGRAPHS

1. It is admitted that Mr. Followell's attorney attended an Aransas Pass Council Meeting on January 16, 2024. He was removed because of his disruptive actions.

2. Paragraph two is denied.

3. It is admitted that Plaintiff is trying to state such a claim.

4. Paragraph four is denied.

5. It is denied this is an unlimited right. Free speech rights cannot be used to infringe on or suppress the rights of others or create a disturbance, and there is no right to violate constitutional statutes and ordinances.

6. Paragraph six is denied.

7. Paragraph seven is admitted.

8. Paragraph eight is denied.

9. It is admitted this is attempted to be alleged. The validity of the action is denied.

10. Paragraph ten is admitted.

11. Paragraph eleven is denied for reason that that Plaintiff is not entitled to a declaratory judgment against Defendants.

12. Paragraph twelve is denied for reason that the facts do not support Plaintiff's claim for damages.

13. Paragraph thirteen is admitted.

14. These Defendants do not have information on which to admit or deny the allegations contained in paragraph fourteen.

15. These Defendants do not have information on which to admit or deny the allegations

contained in paragraph fifteen.

16. Paragraph sixteen is denied.

17. Paragraph seventeen is admitted.

18. Paragraph eighteen is admitted.

19. Paragraph nineteen is admitted.

20. Paragraph twenty is admitted.

21. Paragraph twenty-one is admitted.

22. Paragraph twenty-two is admitted.

23. Paragraph twenty-three is denied in part and admitted in part. It is denied that Defendants established rules that violated the United States Constitution.

24. It is again denied that the right to free speech is without limit. Citizens are not allowed to engage in disorderly or aggressive conduct and/or speech to disrupt public meetings.

25. Paragraph twenty-five is admitted.

26. Paragraph twenty-six is denied. Defendants do not know how Plaintiff can reasonably allege he was targeted with these inspections. On at least one occasion, Plaintiff himself requested an additional inspection to go over problems identified at the March 25, 2022 inspection.

27. Paragraph twenty-seven is denied.

28. Paragraph twenty-eight is denied.

29. Paragraph twenty-nine is denied. The Defendants had an administrative warrant which was authorized by the statutes of the State of Texas.

30. Paragraph thirty is denied.

31. Paragraph thirty-one is denied along with the associated footnote.

32. It is admitted that Chief Blanchard told Followell that the Affidavit was okay. It is denied that the affidavit provided zero probable cause to enter the premise. The affidavit complied with relevant statutes pertaining to the issuance of an administrative warrant.

33. Paragraph thirty-three is denied.

34. Paragraph thirty-four is denied.

35. Paragraph thirty-five is denied.

36. The lack of a "Knox box" was a violation.

37. Paragraph thirty-seven is denied.

38. Paragraph thirty-eight is admitted. By way of further response, it is the age of the other business' occupancy license and the nature of their business that exempted them from needing a Knox Box.

39. It is admitted Chief Kelley sent out an email. Because of the age of the occupancy license applying to that business, a Knox Box was not required. Even though a box was not legally required, he did install a box before he ultimately divested himself of the business.

40. Paragraph forty is denied.

41. Paragraph forty-one is admitted. To be clear, inspections of Defendant Gomez and other's businesses still take place. However, when reasonable business owners allow fire inspectors into their buildings to ensure they are safe, there is no need to obtain an administrative warrant to conduct the inspection.

42. Paragraph forty-two is denied and simply ridiculous. The Defendants do not need an administrative warrant or a search warrant to inspect businesses that are open for inspection.

43. It is admitted that City Attorney Cotroneo sent a letter pointing out that Mr. Followell was

incorrect in his allegation that Defendant Gomez committed nepotism. The remainder of the paragraph is denied as Plaintiff does not have a constitutional right to defame others.

44. It is admitted that Mr. Followell made that allegation.

45. These Defendants do not have information on which to admit or deny the allegations contained in paragraph forty-five. It is admitted that Mr. Followell made such claims which were incorrect.

46. Paragraph forty-six is admitted.

47. Paragraph forty-seven is denied.

48. It is admitted that Ms. Scruggs made such statements. The remainder of paragraph forty-eight is denied. Ms. Scruggs speaks for herself when she speaks at council meetings - as do the other council members. Ms. Scruggs also has free speech rights, and it is denied that the words were directed to Mr. Followell's religion. She neither knows nor cares what religion, if any, Plaintiff chooses to believe in.

49. Paragraph forty-nine is denied.

50. It is admitted that Ms. Scruggs' attorney sent a letter to Mr. Followell requesting that he stop harassing and defaming Ms. Scruggs. The remainder of paragraph fifty is denied.

51. Paragraph fifty-one is a statement of law that does not require admission or denial.

52. Paragraph fifty-two is a reference to statute which does not require admission or denial.

53. Paragraph fifty-three is admitted.

54. Paragraph fifty-four is admitted in part and denied in part. The entirety of footnote five is denied. The Council has the right to protect the integrity of its meetings and take into consideration the general members of the public that would be present that would be

offended or upset at such comments for the mere purpose of shock value. It is admitted that the City of Aransas Pass adopted rules of decorum which are much less stringent than Appendix C & D of the Local Rules of the United States District Court for the Southern District of Texas.

55. Paragraph fifty-five is admitted.

56. It is admitted Mr. Followell was served with a criminal trespass warning. The remainder of paragraph 56 is denied.

57. Paragraph fifty-seven is denied.

58. Paragraph fifty-eight is admitted.

59. Paragraph fifty-nine is denied.

60. Paragraph sixty is admitted.

61. Paragraph sixty-one is denied.

62. Paragraph sixty-two is denied.

63. Paragraph sixty-three is admitted.

64. Paragraph sixty-four is denied. Under the Act, the governmental agency is authorized to charge for the time in researching the matter and for the copies.

65. Paragraph 65 is denied. The time had expired for production of the documents when Mr. Followell finally appeared.

66. It is admitted Mr. Followell attended the City Council Meeting, but denied that he wanted to discuss issues of public concern. The remainder of paragraph sixty-six is also denied.

67. Paragraph sixty-seven is admitted.

68. It is admitted that Mr. Followell referred to the Fire Chief as alleged.

69. Paragraph sixty-nine is admitted.

70. Paragraph seventy is admitted.

71. Paragraph seventy-one is admitted.

72. Paragraph seventy-two is admitted.

73. Paragraph seventy-three is admitted.

74. Paragraph seventy-four is admitted.

75. Paragraph seventy-five is admitted.

76. Paragraph seventy-six is denied.

77. Paragraph seventy-seven is admitted.

78. Paragraph seventy-eight is denied insofar as it alleges that Plaintiff's speech and actions were protected under the First Amendment.

79. It is admitted Mr. Followell expressed some of his opinions. The remainder of paragraph seventy-nine is denied.

80. Paragraph eighty is admitted.

81. It is admitted that the mayor tried to preserve an orderly meeting. Paragraph eighty-one is denied insofar as it alleges that Plaintiff's speech and actions were protected under the First Amendment.

82. It is admitted that Chief Blanchard escorted Mr. Followell out of the meeting because of his inappropriate behavior and continued use of threatening profanity. Paragraph Eighty-two is denied insofar as it alleges that Plaintiff's speech and actions were protected under the First Amendment.

83. Paragraph eighty-three is admitted.

84. Paragraph eighty-four is admitted.

85. It is admitted Mr. Followell left the Chambers.

86. Paragraph eighty-six is denied.

87. Paragraph eighty-seven is denied in part and admitted in part. It is admitted that Mr. Followell's attorney then addressed the City Council. In doing so, he violated the rules of professional decorum and civility. It is further denied that he in any way explained that any violation of rights took place.

88. It is admitted that Mr. Followell's attorney made some statements that were not relevant in analyzing rules governing how to conduct a public meeting.

89. Paragraph eighty-nine is admitted.

90. Paragraph ninety is admitted.

91. It is admitted that copies of the Complaint, without a Citation, were hand delivered to the Defendants on March 4, 2024.

92. Paragraph ninety-two is denied.

93. Paragraph ninety-three is admitted.

94. Paragraph ninety-four is denied.

95. Defendants make the same responses as were made above.

96. Paragraph ninety-six is denied.

97. Paragraph ninety-seven is denied.

98. Paragraph ninety-eight is admitted in part and denied in part. There are circumstances where expressive speech is protected by the First Amendment, but not all locations and all environments. The right may be subject to time, place, and manner restrictions.

99. Paragraph ninety-nine is denied.

100. Paragraph one hundred is denied.

101. Paragraph one hundred one is denied.

102. Paragraph one hundred two is denied.

103. Defendants make the same responses to the refereed to paragraphs as were made above.

104. Paragraph one hundred four is denied.

105. Paragraph one hundred five is denied.

106. Paragraph one hundred six is denied.

107. Defendants make the same responses to the referred to paragraphs as were made to the referenced paragraphs.

108. Paragraph one hundred eight is denied.

109. Paragraph one hundred nine is denied.

110. Paragraph one hundred ten is denied.

111. Defendants make the same responses to the referred to paragraphs as were made above.

112. Paragraph one hundred twelve is denied.

113. Paragraph one hundred thirteen is denied.

114. Paragraph one hundred fourteen is denied.

115. Paragraph one hundred fifteen is denied.

116. Defendants make the same responses to the referred to paragraphs as were made above.

117. Some Defendants may have responded to social media claims by Plaintiff in the same fashion.

118. Paragraph one hundred eighteen is admitted.

119. It is admitted that Blanchard, Kelley, Scruggs and Edwards are public officials. The remainder of paragraph one hundred nineteen is denied.

120. Paragraph one hundred twenty is denied.

121. Paragraph one hundred twenty-one is denied.

122. Defendants make the same responses to the referred to paragraphs as were made above.

123. Paragraph one hundred twenty-three is denied.

124. Paragraph one-hundred twenty-four is denied.

125. Paragraph one hundred twenty-five is denied.

126. Paragraph one hundred twenty-six is denied.

127. Paragraph one hundred twenty-seven is denied.

128. Paragraph one hundred twenty-eight is denied.

129. Paragraph one hundred twenty-nine is denied. Plaintiff was not subjected to unlawful policies practices and customs or was denied his rights. Plaintiff was not subjected to any unlawful policies, practices or customs.

130. Paragraph one hundred thirty is denied. There was no retaliatory conduct or any resulting deliberate indifference.

131. Paragraph one hundred thirty-one is denied. It is denied that there were any improper actions shown in videos or that the Defendants "encouraged and demanded" any improper actions or conduct.

132. Paragraph one hundred thirty-two is denied.

133. Paragraph one hundred thirty-three is denied.

## RESPONSE TO PRAYER

A.     It is denied that Plaintiff is before the Court with clean hands and therefore is not entitled to injunctive and/or declaratory relief.

B.     It is denied that the City's policies violate any of the statutes as alleged. It is denied that Plaintiff is entitled to injunctive relief.

C.     It is denied Plaintiff is entitled for redress of grievances or rights of free expression.

D.     Defendant, City of Aransas Pass, is immune from punitive damages. Defendants deny that Plaintiff is entitled to such damages.

E.     Denied.

F.     Denied

G.     Plaintiff is not entitled to any relief.

## DEFENSES

134. Plaintiff has failed to state a claim upon which relief can be granted.

135. Some of Plaintiff's claims are barred by the applicable statute of limitations.

136. A qualified immunity defense is asserted on behalf of these defendants. They are government employees that were acting in good faith and are entitled to qualified immunity in carrying out their duties.

137. Any actions these Defendants took were based the proper legal standard.

138. Plaintiff was guilty of acts of commission and omission by violating rules of decorum and being disruptive. Plaintiff violated not only the rules of decorum, but also Texas statutes regarding speech and activities disrupting official proceedings and threatening public figures. Probable cause existed for Plaintiff's arrest, however, no arrest was ultimately made

and he was allowed to return to the meeting after indicating he would not cause further disturbance.

139. All fire inspections were properly and legally performed. The Defendants acted in accordance with the law at all times and Plaintiff was properly cited for fire code violations. Moreover, the warrant obtained to carry out one of the searches was properly obtained. The basis for the administrative warrant was properly provided by affidavit prior to having the administrative warrant signed by a judge and executed.

140. Claims against the individual Defendants in their official capacity are truly claims against the City itself.

141. The claims against the individual Defendants should be dismissed pursuant to the Texas Tort Claims Act, which provides for an election of remedies under Section 101.106.

142. Defendants assert immunity to the Plaintiff's state law claims.

143. Pleading further, Defendants deny the material allegations of Plaintiff and demands strict proof thereof.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **POLICE CHIEF ERIC BLANCHARD** and **FIRE CHIEF NATHAN KELLEY** pray that Plaintiff take nothing by his suit, that these Defendants be allowed to recover their costs, and that the Court award these Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: /s/James McKibben
James McKibben
*Attorney-In-Charge*
Southern District No. 914
State Bar No. 13713000
jmckibben@mcv-law.com
Liza Aguilar Wood
*Of Counsel*
Southern District ID No. 2322
State Bar No. 24006741
laguilarwood@mmjw-law.com
McKIBBEN, MARTINEZ, JARVIS
& WOOD, L.L.P.
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas 78401-0841
Telephone: (361) 882-6611
Fax: (361) 883-8353

**ATTORNEYS FOR DEFENDANTS
ERIC BLANCHARD AND NATHAN KELLEY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, *Via Electronic Filing,* to Plaintiff , in accordance with the Federal Rules of Civil Procedure this 30th day of April, 2024.

CJ Grisham
3809 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76504
cj@cjgrisham.com

/s/ James McKibben
James McKibben