United States District Court
Southern District of Texas

**ENTERED**

July 30, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JASON FOLLOWELL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **C.A. #: 2:24-CV-00055** |
| | § | |
| **CITY OF ARANSAS PASS,** | § | |
| **MAYOR RAM GOMEZ,** | § | |
| **In his Official Capacity,** | § | |
| **CITY COUNCIL WOMAN** | § | |
| **CARRI SCRUGGS,** | § | |
| **In her Official Capacity,** | § | |
| **CITY MANAGER GARY EDWARDS,** | § | |
| **In his Official Capacity,** | § | **JURY** |
| **CHIEF ERIC BLANCHARD,** | § | |
| **In his Official Capacity,** | § | |
| **CHIEF NATHAN KELLEY,** | § | |
| **In his Official Capacity** | § | |
| | § | |
| **Defendants.** | | |

## PARTIES AGREED PROTECTIVE ORDER

1.      This Agreed Protective Order shall cover (1) all deposition and discovery responses (2) all video recordings, dispatch recordings, radio traffic recordings, and audio recordings related to the incident about which Plaintiff complains in this lawsuit. (3) all audio recordings and/or video recordings of Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee; (4) all audio recordings and/or video recordings in which Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee is depicted and/or heard, produced in this litigation by the City of Aransas Pass; (5) all photographs of Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee; (6) any unredacted copy of any police report related to the incident about which Plaintiff complains in this lawsuit; and (7) any personnel record maintained by the City of Aransas Pass regarding Eric Blanchard, and any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee ("Confidential Information"). Such Confidential Information shall be treated as Confidential by the Parties to this action ("Parties"), their attorneys, and all others included in the preparation and presentation of this case, as delineated below, in strict conformance with the terms and conditions specified in this Agreed Protective Order.

2.      Procedures regarding Confidential Information are as follows: (1) all video recordings, dispatch recordings, radio traffic recordings, and audio recordings related to the incident about which Plaintiff complains in this lawsuit; (2) all audio recordings and/or video recordings of Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee; (3) all audio recordings and/or video recordings in which Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee is depicted and/or heard, produced in this litigation by the City of Aransas Pass; (4) all photographs of Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee; (5) any unredacted copy of any police report related to the incident about which Plaintiff complains in this lawsuit; and, (6) any personnel record maintained by the City of Aransas Pass regarding Eric Blanchard, any current or former City of Aransas Pass police officer, and/or any current or former City of Aransas Pass employee ("Confidential Information") are hereby designated as Confidential Information and subject to this Agreed Protective Order.  No additional designations or markings are required.

3.      Confidential Information is to be utilized solely for the purposes of this litigation and for no other purpose.

4.      Except as otherwise specifically provided herein, access to and disclosure of Confidential Information shall be limited to:

        A.      Counsel for Plaintiff

                The Confidential Information may be shown by Plaintiff's counsel to Plaintiff and potential witnesses. The Confidential Information is not to be distributed to Plaintiff and/or potential witnesses.

                Nothing in this Agreed Protective Order shall be construed as limiting the Parties from examining the Confidential Information.

                Nothing in this Agreed Protective Order shall preclude the Parties from use of the Confidential Information during the course of depositions, other proceedings in this matter, briefs, motions, and other papers.

        B.      Outside consultants or experts retained by the Parties to assist in the preparation and/or trial of this case. Such consultants and experts shall agree to be bound by this Agreed Protective Order to the same extent as if they were a Party to this agreement and shall not use Confidential Information other than in connection with this litigation, nor for the benefit of any other persons or entities. The Parties shall not provide Confidential Information to any such consultant or expert unless they provide that person with a copy of this Agreed Protective Order and obtain from such person a declaration, in the form attached hereto as Exhibit "A", affirming his or her commitment to be bound by this Agreed Protective Order.

        C.      The Court in this litigation.

5.      The Parties may, by written agreement, provide for exceptions to this Agreed Protective

Order; or, any Party may file a motion seeking modifications of this Agreed Protective Order or the de-designation of any document as Confidential Information at any time hereafter.

6.      Any Confidential Information which is revealed by or included in any discovery proceeding (whether formal or informal, and whether in the form of depositions, transcripts, or discovery responses) or in any motion, pleadings, affidavits, briefs or other documents submitted to this Court, shall be subject to this Agreed Protective Order. Documents or testimony designated "Confidential" that are filed with the Court in this litigation shall remain under seal and shall be made available only to the Court, counsel for the Defendants, and counsel for Plaintiff.

7.      If counsel for the Parties quote or substantially incorporates or disclose Confidential Information in any brief or other paper, they shall conspicuously designate such brief or paper "Confidential - Subject to Court Order" and file it under seal. However, the Parties are not required to do so if the Parties are (a) filing with the Court any video recordings, dispatch recordings, radio traffic recordings, and/or audio recordings related to the incidents as an exhibit to a dispositive motion or response to a dispositive motion provided that said recordings are not filed electronically but are hand-delivered to the clerk for filing or (b) are only quoting or substantially incorporating or disclosing a transcription of the audio recording and/or video recording in any brief or other paper.

8.      This agreement does not apply to minutes of the City Council Meetings or video recordings of Council Meetings. This agreement does not apply to other audio/video recordings, photographs, or information that was publicly available and released prior to the initiation of this action.

9.      The Clerk of this Court shall maintain under seal all filings, documents, and transcripts of depositions or trial testimony filed in this Court in this litigation which have been filed under seal pursuant to Paragraph 7 of this Agreed Protective Order, except that any judge exercising responsibility in this case, the legal, secretarial, clerical or administrative staffs of each, and attorneys in this case shall have access to such sealed items as necessary in adjudicating or administering this case.

10.     Upon final termination of this litigation, Counsel for Plaintiff shall be under an obligation to collect and return to counsel for the City of Aransas Pass, Chief Eric Blanchard, Mayor Ram Gomez, City Council Woman Carri Scruggs, City Manager Gary Edwards and Fire Chief Nathan Kelley, all Confidential Information obtained from the opposing parties and all copies made of the Confidential Information or certify in writing that such documents and materials have been destroyed.

11.     Neither party shall engage in or otherwise encourage any speech that may be considered witness intimidation.

12.     These terms are in addition to any orders made by the Court.

13.     This Agreed Protective Order is agreed to by counsel for all parties as reflected below.

SIGNED and ENTERED this _30th_ day of July, 202_4_.


_____
HON. DAVID S. MORALES
UNITED STATES DISTRICT JUDGE


**AGREED:**

_/s/ CJ Grisham_____
CJ Grisham
TSB#: 24124533
LAW OFFICE OF CJ GRISHAM PLLC
3809 S. General Bruce Dr. – Suite 103-101
Temple, Texas  76504
Telephone: (254) 405-1726
Email: cj@cjgrisham.com

***ATTORNEY FOR PLAINTIFF***

_/s/ James McKibben_
James McKibben, *Attorney-in-Charge*
State Bar No. 13713000 | Federal ID No. 914
jmckibben@mcv-law.com
McKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353

***ATTORNEY FOR DEFENDANTS***