IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON FOLLOWELL | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00055 |
| | § | |
| CITY OF ARANSAS PASS, et al. | § | JURY TRIAL |

**MOTION TO ENFORCE PROTECTIVE ORDER**

NOW COMES Defendant City of Aransas Pass, by and through its attorneys McKibben, Martinez, and Wood, LLP, to present this Motion to Enforce Protective Order and present the following facts and arguments:

**A. INTRODUCTION**

Defendant has filed a motion to dismiss the Plaintiff's claim, which remains pending at the time this Motion is submitted.[1] In its Motion to Dismiss, the Defendants assert that Plaintiff has made only claims against Defendants in their official capacity. As a result, the only true defendant in this case is the City of Aransas Pass. The Plaintiff's decision not to sue any individuals and only the City of Aransas Pass means that qualified immunity was never an issue in this case.

Early on in this case, at the initial pretrial conference, the Court admonished both parties to cease any pejorative or prejudicial comments online that could be seen by potential jurors in this case.[2] Specifically, the Court stated that "all the parties are admonished that they are not to unnecessarily talk about this or in any way potentially prejudice potential jurors in the area."[3]

---

1 D.E. 27.

2 Exhibit A, Transcript of Initial Pretrial Hearing, 9:14-17.

3 *Id*.

After the admonishment, Plaintiff issued comments online threatening anyone who was willing to offer deposition testimony against him, this Court ordered that Plaintiff cease any activities that could constitute witness intimidation.[4] The Court ordered the parties to draft and agree to a protective order to prevent the parties from publicly disclosing discovery materials and to prevent Plaintiff from engaging in any further witness intimidation.[5]

Recently Plaintiff received audio recordings from Defendant through discovery of his family members reporting threats he made against them to the police, that he asked one of them to bring a gun to a city council meeting, and general condemnation of his increasingly erratic behavior.[6] Shortly after Plaintiff received these recordings, Plaintiff took to Facebook to discredit his family members, alleging that they were only trying to discredit him to protect a pedophile in relation to a CPS case involving the Plaintiff.[7] He also threatened his family members with litigation for the statements they made to the police.[8] Not only is Plaintiff attempting to suppress his family's free speech rights, he is clearly attempting to preemptively discredit them and intimidate them into either refusing to testify or recount the reports that they made to the police.

Since the admonishment and entry of the protective order, the Plaintiff has continued to issue public statements regarding this case that can be seen by members of the jury pool. These statements include, but are not limited to, erroneous statements that any individuals have been sued in this case and that those purported individuals have somehow waived their qualified immunity.

---

4 D.E. 16-11, 16-12, and D.E. 24.
5 *See Id*.
6 *See* D.E. 27-2 and 27-3.
7 Exhibit B, Plaintiff's Posts Against Family. Ironically, Plaintiff did later delete the post accusing his family of protecting a pedophile. However, not before the post was seen by his sister, a witness in this case.
8 Exhibit C, Plaintiff's Threats of Litigation.

In reality, only the City has been sued and the Court confirmed this with Plaintiff's counsel in the early stages of this litigation. As a result, qualified immunity has not been waived, and it was never an issue in the first place because of Plaintiff's decision to sue only the City.

Defendant brings this Motion to enforce the parties' protective order and disincentivize Plaintiff from future intimidation of witnesses.

### B. FACTS

After Plaintiff made a threat against anyone who might offer testimony against him at depositions, the Court required that the parties enter into a protective order that would, in relevant part, prevent Plaintiff from engaging in further witness intimidation.[9] The Court signed that protective order on July 30, 2024.[10] It holds that "neither party shall engage in or otherwise encourage any speech that may be considered witness intimidation."[11]

On January 9, 2025 Defendant provided Plaintiff with a number of recordings in response to his discovery requests.[12] The recordings were two of his sister wherein she details threats that Plaintiff has made against his family members and his increasingly disturbing and erratic behavior at city council meetings.[13] Another recording was of his mother detailing the same type of behavior, including a threat he made against her to slit her throat and put a bullet in her head if she did not support his crusade against the City.[14]

---

9 D.E. 16-11, 16-12, and 24.
10 D.E. 24.
11 *Id*.
12 *See* D.E. 27-2 and 27-3.
13 *Id*.
14 *Id*.

Within 24 hours of being provided this information, Plaintiff was on Facebook to attempt to preemptively discredit his family members and threaten them.[15] He quickly accused both his mother and sister of trying to protect a pedophile.[16] He later posted a meme about having "a 6ft vertical hole dugout on your property, just in case."[17] He also threatened a lawsuit against his sister for making her report to the police.[18] These people spoke out against Plaintiff and provided evidence to the police, and shortly after Plaintiff became aware that these people may offer testimony against him he took to the internet to accuse them of protecting a pedophile, threaten them through thinly veiled memes, and threaten them with lawsuits.

Defendant brings this Motion because Plaintiff's statements cannot be considered anything short of witness intimidation.

In addition to the statements made against his family, Plaintiff has continued to make public statements regarding this case to potential members of the jury pool. These statements generally include claiming that the City and/or the individual defendants violated his rights when that is far from an established fact. He also has repeatedly claimed that the Defendants have waived their qualified immunity by violating his rights, which is a demonstrably false statement that has no basis in law or fact. In reality, Plaintiff has known since nearly the inception of this suit that qualified immunity was not at issue because none of the claims were made against any individual defendant. The statements Plaintiff continues to make serve to prejudice the jury pool and are contrary to this Court's prior instructions to cease publicly speaking about the case.

---

15 Exhibit B.
16 *Id.*
17 *Id.*
18 Exhibit C.

C.  **ARGUMENT AND LAW**

The Court is permitted to hold Plaintiff in civil contempt for his failure to abide by the Court's protective order. "[T]he elements of civil contempt are (1) that a court order was in effect, [] (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order."[19] A civil contempt order must be based on a finding by a preponderance of the evidence that Plaintiff violated the court's order and must be tailored to ensure future compliance with the Court's order.[20] Civil contempt cannot punish Plaintiff retroactively for failing to abide by the order, but may impose a "a non-compensatory fine … if it is remedial and affords the Defendants the ability to purge the contempt . . . by committing an affirmative act."[21] However, the Court does have a wide-ranging power to act to ensure future compliance with the order and to order the payment of attorney's fees.[22]

"To determine the appropriate sanctions, courts consider (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order."[23] The actions taken by Plaintiff to stifle and intimidate the Defendant's witnesses has already caused great harm in this case, the remedy proposed below is likely to ensure remediation and future compliance, the remedy will not overly burden the Plaintiff financially if he complies, and the violations described above appear to be willful.

---

[19] *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) (cleaned up) (emphasis omitted).
[20] *United States v. Columbia Broad. Sys., Inc.*, 497 F.2d 107, 109 (5th Cir. 1974).
[21] *M.D. v. Abbott*, 119 F.4th 373, 379 (5th Cir. 2024).
[22] *Carter v. Transp. Workers Union of Am., Local 556*, 686 F. Supp. 3d 503, 515 (N.D. Tex. 2023).
[23] *Id*. (internal quotations omitted).

The order in this case specifically forbade Plaintiff from engaging in any conduct that might be considered witness intimidation.[24] This provision of the protective order was issued specifically because Plaintiff had already posted online that any witness who testified for the defense would face prison.[25] Through discovery, Plaintiff learned that various members of his family had already volunteered statements to the Aransas Pass Police Department that served as a justification for his temporary criminal trespass warning from specific city buildings.[26] He immediately went online to disparage and discredit them, alleging that his mother and sister gave their statements against him because they were attempting to protect a pedophile.[27] He also threatened them by posting a thinly veiled message about needing a 6-foot-deep hole on his property.[28] When confronted about the disparaging remarks by his sister, he threatened to sue her as well.[29]

These actions are certainly witness intimidation. Additionally, any other potential witness who sees these posts would certainly feel reluctant to testify against Plaintiff, lest they become his next victim. This is exactly the type of behavior that the Court was attempting to eliminate in signing the protective order.

In addition to the protective order, the Court also admonished the parties to not post on social media about the case in order to preserve the parties' right to an unbiased jury. Plaintiff has not abided by this Court's instructions. In fact, he testified in his deposition that he believed that

---

24 D.E. 24.
25 D.E. 16-11 and 16-12.
26 *See* D.E. 27-2 and 27-3.
27 Exhibit B.
28 *Id*.
29 Exhibit C.

the Court still would allow him to post about this case, so long as it did not contain "new information."[30] Additionally, he has engaged in multiple misstatements of law and fact online when posting about this case. Specifically, where he has repeatedly alleged that individuals have somehow waived their qualified immunity because of their supposedly egregious violations of his rights.[31] He has not sued a single individual in this case and qualified immunity was never an issue to be resolved. These online statements are made where anyone can see them, including potential members of the jury pool. Because of Plaintiff's actions and public false statements in violation of this Court's instructions, jury selection for this case will be a lengthy process to identify any members which he may have already prejudiced. They are a clear violation of the Court's admonishment to abstain from posting or commenting about the case where potential juror could see or be prejudiced by the comments.

Plaintiff's actions have made it clear that he has no intention of complying with the Court's protective order or admonishments. Defendant proposes that the Court enter an order to require Plaintiff to attempt to remedy the past violations by removing and deleting any comments or posts regarding any witness or defendant in this case. Defendant requests that the Court issue a no contact order preventing Plaintiff personally[32] from contacting, posting about, or commenting about witnesses or defendants in this case, including his mother (Cynthia Moreland), his sister (Tierra Followell), Stephan Calloway, Michael Moreland, or any of the officials currently named as Defendants. Defendant requests that any past violative posts or public comments be removed and that Plaintiff be disallowed from publicly commenting about this case until it is resolved. If he

---

30 Exhibit D, Deposition Excerpt.
31 *See e.g.* Exhibit E, Plaintiff's Qualified Immunity Statements.
32 Plaintiff's attorney would still be able to contact unrepresented witnesses.

fails to do so within 24 hours, the Court should impose a remedial $10,000 fine.[33] Defendant also requests the payment of its attorney's fees incurred in bringing this motion.

D. **CONCLUSION**

WHEREFORE PREMISES CONSIDERED, Defendant, City of Aransas Pass, requests that the Court GRANT this Motion and enforce the prior protective order, ordering Plaintiff to cease contact with any witness to this case and to cease posting, commenting, or publicly speaking about this case until it is resolved. Defendant requests that the Court order Plaintiff to remove any prior posts, comments, or public statements about this case until the matter is resolved. If Plaintiff does not comply with this remedial order, Plaintiff shall be ordered to pay a $10,000 fine. Defendant requests that the Court grant Defendant its attorney's fees incurred in bringing this motion. They also request any and all relief that this Court deems just.

Respectfully submitted

By: */s/ James McKibben*
James McKibben
*Attorney-in-Charge*
State Bar No. 13713000
Federal ID No. 914
jmckibben@mcv-law.com
Marshall Gardner
Of Counsel
State Bar No. 24123828
Federal I.D. No. 3755601
mgardner@mmjw-law.com
McKIBBEN, MARTINEZ, & WOOD, L.L.P.
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353
**ATTORNEYS FOR DEFENDANTS**

---

[33] A non-compensable, remedial fine may be imposed in a civil contempt proceeding after the party has been offered the opportunity to cure their past violative actions.

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with the Federal Rules of Civil Procedure a true and correct copy of the foregoing was forwarded in the manner indicated below to Plaintiff's counsel on March 12, 2025.

*VIA E-FILE*
CJ Grisham
3800 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76504
Email: cj@cjgrisham.com

*/s/ James McKibben*
James McKibben

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel was contacted in an attempt to confer and agree on this motion and proposed order. As of the time of the filing of this motion, Plaintiff has not consented to this motion or the proposed order.

*/s/ James McKibben*
James McKibben