```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                      CORPUS CHRISTI DIVISION

 4   FOLLOWELL                      §   CASE NO. 2:24-cv-00055
                                    §   CORPUS CHRISTI, TX
 5   VERSUS                         §   THURSDAY,
                                    §   JUNE 13, 2024
 6   CITY OF ARANSAS PASS, ET AL.   §   1:30 PM TO 1:42 PM

 7                  INITIAL SCHEDULING CONFERENCE

 8          BEFORE THE HONORABLE DAVID S. MORALES
                  UNITED STATES MAGISTRATE JUDGE
 9
                            APPEARANCES:
10

11       FOR THE PARTIES:           SEE NEXT PAGE

12       COURT REPORTER:            MARA GONZALES

13       COURT CLERK:               ARLENE RODRIGUEZ

14

15

16

17

18

19

20

21              TRANSCRIPTION SERVICE BY:

22            Veritext Legal Solutions
            330 Old Country Road, Suite 300
23                 Mineola, NY 11501
          Tel: 800-727-6396 ▼ www.veritext.com
24
       Proceedings recorded by electronic sound recording; transcript
25               produced by transcription service.
```

```
 1                          APPEARANCES:

 2   FOR THE PLAINTIFF:          LAW OFFICES OF CJ GRISHAM, PLLC
                                 Christopher J. Grisham
 3                               4970 E. Business 190
                                 Temple, TX 76501
 4                               254-405-1726

 5   FOR THE DEFENDANTS:         MCKIBBEN MARTINEZ JARVIS &
                                 WOOD, LLP
 6                               James F. McKibben, Jr.
                                 555 N. Carancahua Street
 7                               Corpus Christi, TX 78401
                                 361-882-6611
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        CORPUS CHRISTI, TEXAS; THURSDAY, JUNE 13, 2024; 1:30 PM
 2             THE COURT:  Arlene, you can call the case.
 3             CLERK:  Good afternoon, counsel.  Court calls Civil
 4   Action Case Number C24-55, Followell v. the City of Aransas
 5   Pass et al.  May I have appearances by counsel?
 6             MR. GRISHAM:  C.J. Grisham for plaintiffs --
 7   plaintiff, excuse me.
 8             MR. MCKIBBEN:  Your Honor, Jim McKibben for the city
 9   and their officials.
10             THE COURT:  Good morning, counsel.  We are here for
11   our initial scheduling conference.  I have reviewed your Rule
12   26(f) report that you jointly submitted, and it appears that
13   the parties are in agreement concerning scheduling on this
14   matter.  Is that correct?  Mr. Grisham?
15             MR. GRISHAM:  (Indiscernible).
16             THE COURT:  Is that a yes, Mr. --
17             MR. GRISHAM:  That is correct, Your Honor.
18             THE COURT:  Mr. McKibben?
19             MR. MCKIBBEN:  Yes, Your Honor.
20             THE COURT:  All right, it looks like, on the
21   scheduling order, we will conclude discovery on January 10th of
22   next year, dispositive motions February 10th, and a jury
23   selection and trial of May 27th.  I'm signing off on that
24   scheduling order, and it will be on CM/ECF here shortly.
25             I had a few questions after reviewing the Rule 26(f)
```

1  report.  One of the issues concerns discovery.  Mr. McKibben, I
2  assume it was you that stated that discovery should proceed on
3  qualified immunity issues first, but in looking at the
4  pleadings, I don't see any claims against any individuals in
5  their individual capacity.
6          MR. MCKIBBEN:  Your Honor, I agree.  I was being
7  overly careful.  Since I've thought it through, I realized that
8  qualified immunity does not apply in this case.
9          THE COURT:  And Mr. Grisham, just for belts and
10 suspenders, I want to confirm with you that you are not
11 bringing any claims against the individual defendants in their
12 individual capacity.  Is that correct?
13         MR. GRISHAM:  That is correct, Your Honor.
14         THE COURT:  All right, so then, we will not have a
15 separate discovery scheduled for qualified immunity, and we
16 will just proceed on discovery on the merits.
17         Mr. Grisham, you have not appeared in my Court
18 before, and I will tell you that I usually look up attorneys
19 that have not appeared in front of me before.  Prior to the
20 hearing, I have not had a chance to do that, so tell me a
21 little bit about yourself.
22         MR. GRISHAM:  Your Honor, I'm a retired Army
23 counterintelligence special agent.  I spent 21 years in the
24 military.  I got out of the -- retired from the military and
25 got involved in a lot of legislative and civil rights type

1  issues. So I did that for about ten years, and then, a couple
2  years ago decided that I got tired of getting beat up in the
3  street and decided to get beat up in the courts.
4         And so apparently, I didn't have enough stress in
5  combat and needed some more adrenaline, so about two years ago,
6  I graduated law school, went to a small-L private university
7  out in Virginia, Appalachian School of Law, and I've been
8  licensed but -- I am still on probationary status, but I've
9  been licensed for two years, almost two years.
10         THE COURT: All right, well, Mr. Grisham, in reading
11  through your complaint, certainly, there's been some -- a lot
12  of contention between the parties. You mentioned getting beat
13  up in the courts or by the court. Certainly, that's not going
14  to happen in this courtroom, and I expect all, certainly the
15  attorneys, but also the parties, to work cooperatively together
16  in getting these legal issues decided.
17         To that end, I want to point out to you some language
18  that you included in your complaint that is not particularly
19  helpful to the Court, and I want to make sure that that kind of
20  language does not make its way into pleadings going forward, in
21  argument, or, if this matter needs to be tried to a jury, in
22  front of a jury.
23         So specifically, Paragraph 42 states, "It is the
24  policy" --
25         MR. GRISHAM: Sorry, Your Honor. Page 22 or 42?

```
 1                THE COURT:  Four, two, 42.
 2                MR. GRISHAM:  Okay.
 3                THE COURT:  "It is the policy of the defendants,
 4   Blanchard and Kelley, to raid businesses that do not surrender
 5   their rights to their badged overlords and masters."  I
 6   understand what you're trying to say, Mr. Grisham, but that
 7   kind of verbiage is not helpful.  Certainly, there's a
 8   contention as to whether or not your client was going to submit
 9   to, I believe, in this case, a fire inspection.  That can be
10   done in a more civil manner.  And just -- again, just because
11   the parties --
12                MR. GRISHAM:  I agree, Your Honor.
13                THE COURT:  -- just because the parties have
14   contentious issues or have had contentious issues in the past
15   does not mean that we need to further them here in the
16   courtroom.  Is that understood?
17                MR. GRISHAM:  It's very understood, Your Honor, and I
18   will admit my -- this is my shortcoming.  I'm moving from a
19   first sergeant capacity to a more professional attorney
20   capacity.  This is something I acknowledge that I definitely
21   need to work on, and I've done better at it.  But -- and if the
22   -- if Your Honor would like, if you'd like me to file a motion
23   to leave to amend, I can actually remove such references,
24   unless you just want to move forward without that.
25                THE COURT:  I think we can move forward, Mr. Grisham.
```

1  I just don't want to see it going forward.

2           MR. GRISHAM: Yes, Your Honor.

3           THE COURT: All right, if you would all convey those
4  admonitions to your clients, your respective clients, that
5  would be appreciated as well.

6           So Mr. Grisham, the -- you've brought some weighty
7  constitutional issues before the Court. Certainly, the First
8  Amendment issue is an important one, and the parameters of that
9  in a public forum are -- is an issue that is properly in front
10 of this Court. I expect that you will -- and Mr. McKibben will
11 work expeditiously on discovery and that these issues, no
12 doubt, will come before me on summary judgment at some point.
13 And if there are any material issues to be decided by a jury,
14 they might be decided by a jury next year.

15          But I look forward to working with you both on this
16 matter, and I want to give you an opportunity at this point. I
17 think I have pretty good handle on the case, but is there
18 anything that's not readily apparent from the pleadings that
19 you'd like to bring to the Court's attention at this juncture?

20          Mr. Grisham.

21          MR. GRISHAM: Not that's readily apparent from the
22 pleadings, Your Honor. We have had some additional issues
23 since the filing, but those are not -- I think they'd probably
24 be litigated as part of the case, but the fact that since we
25 filed this case things have not gotten better but a little bit

1  worse.  In fact, the -- one of the defendants has even charged
2  me with a criminal activity, based on the complaint, so it --
3  as far as the pleadings, I think all the pleadings are there
4  for what we're pleading.  I don't see any need for amendment or
5  to add anything else, because it was just to add on to really
6  what's already there.
7           THE COURT:  All right, thank you.
8           Mr. McKibben, anything you'd like to bring to the
9  Court's attention at this point?
10          MR. MCKIBBEN:  Your Honor, we briefly mentioned in
11 the joint discovery case management plan that there is a little
12 bit of an issue, and I don't know what we can do about it with
13 Mr. Followell calling press conferences in the area where the
14 jurors will reside, and making kind of what my clients perceive
15 as vicious attacks on them on social media.  It would go to
16 people who will potentially be on the jury.
17          And I realize my clients are public officials, and
18 they are fair game for some amount of public shaming, but I
19 think Mr. Followell is going over the line, and to the extent
20 it may impact potential members of the jury panel, we would
21 like to ask the Court to admonish them on admonish them on
22 (indiscernible) federal court (indiscernible) sort of thing.
23          MR. GRISHAM:  If I could respond to Mr. McKibben, I
24 have, as a matter of fact, just a couple of days ago, I did
25 advise my client that he needed to see sort of the rhetoric

1  that's going on right now on social media and kind of back off
2  and let this case work its way through the Court, especially
3  the fact that we're moving forward and we've got this plan in,
4  and I know that was just a couple of days ago.  I haven't had a
5  chance to talk to you about that, but Your Honor, I recognize
6  exactly what he's saying, and just like you've admonished me, I
7  will admonish my client to do the same.
8              THE COURT:  I appreciate that, Mr. Grisham.  I
9  certainly do not want to enter an order concerning this matter.
10 I think that all the parties can realize that we are in
11 litigation and that we've got issues on the table that need to
12 be decided.  We don't want to add to them, and we don't want to
13 delay this matter, because as we all know, justice delayed is
14 justice denied.  So let's move forward and -- all the parties
15 are admonished that they are not to unnecessarily talk about
16 this or in any way potentially prejudice potential jurors in
17 the area.  Your client lives in Aransas Pass, Mr. Grisham?
18             MR. GRISHAM:  Yes, sir.
19             THE COURT:  So this is a large division, the Corpus
20 Christi Division, so the jurors are going to be -- some of them
21 may be from Aransas Pass, but a lot of them are going to be
22 from outside of that area as well, but social media travels all
23 over.  Podcasts travel all over, and so to the extent that we
24 can cordon that off and avoid issues going forward, the Court
25 would like to do that, so if you would advise your clients of

```
 1  that, it would be much appreciated.
 2          MR. GRISHAM:  Thank you, Your Honor.  Yes, sir.
 3          THE COURT:  Anything further, Mr. Grisham?
 4          MR. GRISHAM:  No, Judge.  Thank you.
 5          THE COURT:  Mr. McKibben?
 6          MR. MCKIBBEN:  No, Your Honor.  Thank you.
 7          THE COURT:  All right, well, as far as I can tell,
 8  Mr. Grisham wins the best tie award for this hearing.  So Mr. -
 9  -
10          MR. GRISHAM:  Actually, I have (indiscernible).  I
11  talked to them (indiscernible) --
12          THE COURT:  Mr. McKibben, if you could up your game
13  before the next hearing.
14          MR. GRISHAM:  Yes, Your Honor.  I'll consider that a
15  challenge as well.
16          MR. MCKIBBEN:  Thank you, Your Honor.
17          THE COURT:  All right.  All right, if there's nothing
18  further, you're both excused.
19          MR. MCKIBBEN:  Thank you.
20          MR. GRISHAM:  Thank you, Judge.
21          THE COURT:  Thank you.
22          MR. GRISHAM:  Thank you, Mr. McKibben.
23          MR. MCKIBBEN:  Thank you, Your Honor.
24      (Hearing adjourned at 1:42 PM)
25                          * * * * *
```

```
 1                    C E R T I F I C A T I O N

 2

 3       I, Sonya Ledanski Hyde, certified that the foregoing

 4   transcript is a true and accurate record of the proceedings.

 5

 6   [signature: Sonya M. Ledanski Hyde]

 7

 8   Sonya Ledanski Hyde

 9

10

...

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  February 18, 2025
```