UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASON FOLLOWELL,<br>　　*Plaintiff*, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO.<br>2:24-cv-00055 |
| CITY OF ARANSAS PASS, et al.<br>　　*Defendants* | §<br>§ | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER

NOW COMES Plaintiff, Jason Followell, by and through his attorney, CJ Grisham, of the Law Offices of CJ Grisham, PLLC, to present his opposition to Defendant's Motion to Enforce Protective Order and would provide the following:

### A. INTRODUCTION

Defendants filed a Motion to Enforce Protective Order and seek sanctions against Mr. Followell. Defendants motion is designed to do nothing more than completely obliterate the Plaintiff's First Amendment protected speech and has absolutely no basis in fact regarding violations of the protective order.

The Court admonished both parties to cease any speech that consisted of efforts to prejudice the jury pool. The key word in the Court's admonishment is "unnecessarily." However, Defendants would have this Court expand the

admonishment to essentially ban ALL speech regarding Defendants (who are all public officials) and some witnesses, specifically family members. Defendants are digging in their heels to cause Plaintiff as much pain throughout this process as possible because they likely understand that they do not stand on solid legal footing regarding the complaints against them.

### B. Defendants' Baseless Claims

**1.   Witness Intimidation.**

a. In their Motion, Defendants claim that Plaintiff is engaged in "witness intimidation." Defendants claim that Plaintiff made public statements about his family members after he "received audio recordings from Defendant through discovery." While this is a laudable attempt at logic, Defendants defy their own claims in their exhibits. In Defendants' Exhibit B, they include a screenshot of a statement made by Mr. Followell regarding his family calling CPS on him.

b. However, as shown in Defendants' Exhibit C, this was a response to an email sent to Plaintiff by an attorney for his other family members demanding that he cease and desist that he refer to his brother – who is not a defendant or potential witness in this case – as a pedophile. Mr. Followell responded to the email stating, accurately, that he has evidence to prove

truth as a defense. The email threatened defamation action against Mr. Followell and that is what he is referring to in his Facebook post.

    c.  Defendants want this court to allow Mr. Followell's family to say and do whatever they want to Mr. Followell and expect Mr. Followell to remain silent and not respond. Defendants hope that they can misconstrue and malign protected speech to the degree that this Court will dismiss the suit against them so that they can continue violating the rights of Plaintiff and other Aransas Pass citizens without consequence. Nothing Mr. Followell has said is designed to "discredit" anyone, but to protect his own reputation from his estranged family members seeking to cause him problems because they disagree with his lifestyle.

    d.  Additionally, Defendants themselves continue to engage in the very activities against Mr. Followell that this suit is designed to halt. Specifically, Defendant charged Mr. Followell with a class A misdemeanor crime of "hindering a government proceeding by disorderly conduct" as retaliation for his protected speech. Mr. Followell filed a motion to quash and suppress those charges, resulting in the charges being dismissed. However, Defendants refiled the charges as a lesser class B misdemeanor offense of "disrupting a proceeding by disorderly conduct" for the exact same protected speech. Mr. Followell filed yet another motion to suppress

and quash in that case. In fact, the retaliation is so bad that Defendants have also charged Mr. Followell's attorney with the same "crime" for reading Supreme Court case law related to the protected status of speech containing profanity during public comments. Because the case law included "profanity," Defendants have also retaliated against Mr. Followell's attorney with criminal charges.

    e. It is ironic that Defendants claim that Mr. Followell is "attempting to suppress his family's free speech rights" when it's the Defendants and Mr. Followell's family, through both threatened legal action, retaliatory criminal charges, and this motion, who are seeking to suppress free speech by weaponizing the legal system.

**2.    Prejudice Jury Pool**

    a. Defendants are intentionally and grossly hyperinflating Mr. Followell's reputation and influence on potential jurors. At best, Mr. Followell's social media posts have garnered barely more than 100 interactions or views, and most of those aren't even from followers in the State of Texas. Defendants' Exhibit B makes this point.

    b. The Courts have a very high standard regarding publicity of a case that would rise to the level of unfairly prejudicing the jury pool. "The two primary means of discerning whether publicity is pervasive are a hearing on

the motion to change venue and the voir dire process." *Gonzalez v. State,* 222. S.W.3d 446, 449 (Tex. Crim. App. 2007). The mere existence of media attention or publicity is not enough, by itself, to show that a jury pool would be so prejudiced as to affect a case. Even extensive knowledge of the case in the community is not sufficient if there is not a showing of prejudicial or inflammatory coverage. *See e.g. United States v. Parker,* 877 F.2d 327, 330 (5th Cir. 1989).

   c. There is no doubt that Mr. Followell is a vocal and opinionated member of society. If more citizens were as engaged in keeping their eyes on the actions of their elected government officials and holding them accountable, we'd live in a much better society. For Defendants to suggest that Mr. Followell's public arguments with his family are somehow prejudicing this case when there is no guarantee that his family members will even be witnesses, much less that a potential witness would know Mr. Followell's family members from Adam, is quite the legal conclusion and illogical jump. Defendants' Exhibit B is talking about Mr. Followell's estranged sister and mother calling CPS on him, which has nothing to do with the facts in this case nor would any potential juror make any connections to this family squabble. There is a remedy if his family thinks that Mr. Followell is defaming them, and it's not demanding a $10,000

sanction for speaking truth about them. "If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the processes of education, the remedy to be applied is more speech, not enforced silence. Only an emergency can justify repression." *Whitney v. California*, 274 U.S. 357, 377 (1927).

    d.  Finally, Defendants include hearsay statements in their motion that have never been tested in court and further prove why the previous motions to dismiss and for summary judgment should be denied. Defendants are now defaming Mr. Followell through abusive legal filings that suggest he threatened to slit his mother's throat.

    e.  Defendants' motion to enforce comes dangerously close, if not, actually meeting the standard of violating Rule 11 of the F.R.C.P. by accusing Mr. Followell without cause with what only be interpreted as an attempt to harass and oppress Mr. Followell.

3. **Qualified Immunity Was Always In Play**

    a.  Finally, Mr. Followell categorically denies the assertion that his "decision" not to sue any individuals individually means that "qualified immunity was never an issue in this case." On the contrary, QI was always the issue, but the pleadings inadvertently neglected to also sue the Defendants in their personal capacities. When the issue was brought up

through a motion to dismiss, Mr. Followell attempted to remedy the mistake with a motion for leave to amend. Unfortunately, the motion neglected to include a certificate of conference and Mr. Followell decided not to further complicate this case by engaging in a protracted argument over the issue when Defendants said they would oppose the motion. Mr. Followell is only abandoning the *in personum* claims in the interests of judicial efficiency since he believes the current pleadings and an eventual trial will still provide the justice and remedies sought in this case even if the only surviving claims is against the city itself since the record already contains evidence that a harmful policy or practice exists, as provided with D.E. 27-6 and 27-7.

## SUMMARY

In summary, Mr. Followell has not violated the protective order. Mr. Followell has not done anything that would in any way prejudice a potential jury. Defendants' Motion to Enforce is nothing more than an extension of the harms perpetrated by the Defendants in this case that form its basis. Based on the Defendants' own pleadings in the motion, it is crystal clear that Mr. Followell has not violated this Court's order in spirit, letter, or intent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

Plaintiff hereby requests that the Court order Defendant to cease making unproven and defamatory hearsay statements about Mr. Followell in court filings. Mr. Followell further requests that the Court advise and admonish Defendants that Mr. Followell still has a First Amendment right to speak his mind in traditional public forums provided that he follow this Court's order to refrain from any conduct specifically prohibited by it.  Plaintiff requests that the Court grant Plaintiff its attorney's fees incurred in bringing this response to the frivolous and harassing motion. He also requests any and all relief that this Court deems just.

      Respectfully submitted,

      LAW OFFICES OF CJ GRISHAM, PLLC

      CJ Grisham
      Texas State Bar no. 24124533
      cj@cjgrisham.com
      3809 S. General Bruce Dr.
      Suite 103-101
      Temple, Texas 76504
      P:  254-405-1726

      **ATTORNEY FOR PLAINTIFF**

9 | P a g e

## CERTIFICATE OF SERVICE

  I hereby certify that in accordance with the Federal Rules of Civil Procedure a true and correct copy of the foregoing was forwarded to Defendants' counsel on March 17, 2025 via the e-file service and email to jmckibben@mcv-law.com.

            */s/ CJ Grisham*
            CJ Grisham
            **ATTORNEY FOR PLAINTIFF**